**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Sherri Love, | Case No. 2:26-cv-00323-APG-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| The State of Nevada, et al., | |
| Defendants. | |

On February 11, 2026, the undersigned magistrate judge entered a minute order informing pro se Plaintiff Sherri Love that she had neither paid the filing fee nor filed an application to proceed *in forma pauperis* (meaning to proceed without paying the filing fee) to initiate her case. (ECF No. 3). In doing so, the undersigned ordered Plaintiff to either pay the filing fee or file an application on or before March 12, 2026. The undersigned informed Plaintiff that "this action may be dismissed without prejudice if Plaintiff fails to timely comply with this order." Plaintiff has neither filed a completed application nor paid the filing fee by the deadline.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its

docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by paying the filing fee or applying to proceed *in forma pauperis*. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, there are no less drastic sanctions when Plaintiff has not complied with a Court order. Given the fact that Plaintiff has not paid the filing fee, monetary sanctions are not practical. Nor are other non-monetary sanctions an option if Plaintiff does not follow Court orders. The fifth factor weighs in favor of dismissal. The undersigned thus recommends dismissing Plaintiff's case without prejudice. A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending motions (ECF Nos. 4, 5, 9, 10, 11) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

*Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: March 18, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE